[Not for Publication]
United States Court of Appeals
For the First Circuit


No. 97-1905

UNITED STATES OF AMERICA,

Appellee,

v.

ANDREW P. LEPPO,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Selya, Circuit Judge, 
and Stahl, Circuit Judge. 



Robert M. Goldstein with whom Leppo & Leppo was on brief for 
appellant.
Jeanne M. Kempthorne, Assistant United States Attorney, with whom 
Donald K. Stern, United States Attorney, was on brief for appellee. 



 February 10, 1998


Per Curiam. Andrew Leppo pled guilty to charges Per Curiam. 

that he masterminded several schemes and conspiracies

involving various forms of bank fraud and the sale of

counterfeit computer equipment, in violation of 18 U.S.C.

371 & 2320. The district court sentenced Leppo to 37

months in prison and ordered him to pay some $2.6 million in

restitution to fifteen different victims. On appeal, Leppo

challenges both his sentence and the restitution order. We

affirm.

1. Downward Departure 

Leppo requested a downward departure under U.S.S.G.

5K2.13, based on psychiatric testimony that a pathological

gambling compulsion had motivated his crimes. He argues that

the district court refused to depart under 5K2.13 because

it erroneously believed that it lacked authority to do so on

the basis of Leppo s gambling disorder. Contrary to Leppo s

characterization, however, the court explicitly stated at the

sentencing hearing that it did have the discretion to grant 

Leppo s requested departure, but that it found the exercise

of such discretion to be inappropriate in this case. We are

without jurisdiction to review the court s discretionary

refusal to depart. See United States v. Rizzo, 121 F.3d 794, 

798 (1st Cir. 1997).

Second, Leppo argued below that this case featured

"unusual" mitigating circumstances that placed it outside the

-2- 2

"heartland" of the applicable guidelines (U.S.S.G. 2B5.3 &

2F1.1), in that the aggregate retail value of his counterfeit

goods -- which was the predicate for a 14-step offense level

enhancement -- had plummeted between the time of the

infringing sales and the time of sentencing. Leppo contends

that the district court misconstrued his argument as a

request for downward departure under U.S.S.G. 2F1.1,

application note 10.

We see no indication that the court failed to

comprehend Leppo s position. It is evident that the district

court, observing that Leppo actually profited from the higher 

retail prices prevailing at the time of his offenses, simply

declined to attach any relevance to the post-offense price

fluctuations at issue. The court therefore had no occasion

to consider whether those fluctuations constituted a

"mitigating circumstance" warranting an unguided departure;

obviously, an irrelevant circumstance cannot mitigate the 

seriousness of an offense. The court s construction of

Leppo s argument as a request for departure under application

note 10 to 2F1.1 strikes us as a rather charitable

reformulation of Leppo s position, not a misunderstanding of

it. Because the court s denial of Leppo s second departure

request was not based on any legal or factual mistake, that

decision similarly is not subject to our review. See Rizzo, 

121 F.3d at 798.

-3- 3

2. Restitution 

Leppo raises two challenges to the restitution

order, both for the first time on appeal. He argues (1) that

the district court failed to evaluate his ability to pay, and

(2) that the order overcompensated one of Leppo s victims,

IBM. We agree with the government that Leppo clearly waived 

his first argument, and probably waived the second, by

specifically stating at the disposition hearing that he was

content to "leave any restitution order to the discretion of

the court."

Even if Leppo s second argument was not waived, our

review would be limited to plain error. See United States v. 

Mitchell, 85 F.3d 800, 807 (1st Cir. 1996). Leppo suggests 

that there is a "substantial risk" that the restitution order

overcompensates IBM because IBM may have recouped some of its

losses, but he fails even to hint at a reasonable estimate of

the amount that IBM actually might have recouped; nor does he

describe any plausible, practical method by which the

district court could have calculated that amount. In any

event, the district court was not required to fix the amount

of its restitution order with absolute precision. See United 

States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997). Here, 

the record clearly reflects that the court undertook a

detailed review of the evidence in calculating the amount of

loss suffered by IBM. Leppo s unsupported assertions fall

-4- 4

far short of demonstrating any substantial error, much less

plain error, in the district court s restitution order.

Affirmed. Affirmed. 

-5- 5